IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jared Adam Helmkay,<br><br>   Plaintiff,<br><br>vs.<br><br>Joe Arpaio,<br><br>   Defendants. | No. CIV 05-1593 PHX-ROS (LOA)<br><br>**REPORT AND RECOMMENDATION** |

   This matter arises on the Court's review of the file. Plaintiff commenced this action on May 26, 2005 (document # 1) On June 14, 2005, the Court granted Plaintiff leave to proceed in forma pauperis and ordered service on defendant Arpaio (document # 4). The Court's June 14, 2005 order directed Plaintiff to "complete and return service packets to the Clerk of Court within 20 days of the file date of this Order." (Id.) Accordingly, the service packet was due on or before July 5, 2005. A service packet was sent to Plaintiff on June 14, 2005. (June 14, 2005 docket entry in 2:05CV1593 PHX-ROS (LOA)). Plaintiff, however, did not return a completed service packet to the Court in violation of the Court's order.

   Federal Rule of Civil Procedure 41(b) provides that the Court may dismiss an action for failure to comply with court orders or for failure to prosecute. In view of Plaintiff's failure to comply with Court orders and his failure to prosecute his claims, on September 1, 2005, the Court ordered Plaintiff to show cause on or before October 1, 2005 why this matter should not be dismissed without prejudice for failure to prosecute and failure to comply with Court orders. (document # 5)

1   To date, Plaintiff has neither responded to the Court's show cause order nor taken any
2   other action in this case.   Plaintiff has not offered any explanation for his disregard of Court
3   orders and his failure to prosecute his claims.  Plaintiff's status as an inmate litigating this case
4   *pro se* does not excuse his failure to comply with the Federal Rules of Civil Procedure and this
5   Court's orders.  See, King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (pro se litigants held to
6   same procedural rules as litigants represented by counsel); Swimmer v. IRS, 811 F.2d 1343,
7   1344 (9th Cir.1987) ("Ignorance of court rules does not constitute excusable neglect, even if the
8   litigant appears pro se.")

9   In accordance with the foregoing,

10   IT IS HEREBY RECOMMENDED this matter be **DISMISSED** without prejudice for
11   failure to comply with Court orders and for failure to prosecute pursuant to FED.R.CIV.P. 41(b).

12   DATED this 20th day of October, 2005.

*[signature]*
Lawrence O. Anderson
United States Magistrate Judge